**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10113 |
| Plaintiff-Appellee, | D.C. No. 1:05-cr-00300-JMS-1 |
| v. | |
| LEANDRO GOMEZ III, AKA Leo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted February 17, 2022[**]
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

The district court denied the Motion for Compassionate Release brought by

Defendant Leandro Gomez, III. On appeal, Gomez argues that the district court erred

by: (1) failing to consider each argument he raised in support of release, either

separately or in combination; (2) requiring him to prove he suffered an "enormous"

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentencing disparity before considering such disparity as a basis for granting relief; and (3) failing to consider the 18 U.S.C. § 3553(a) sentencing factors in denying his motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review each of the issues Gomez raised for abuse of discretion. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). After an initial determination that a defendant has exhausted his administrative remedies, district courts must make three findings to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

First, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Second, that "such a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii).[1] And third, that the sentence reduction is warranted under applicable 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). Because each of these requirements must be satisfied to *grant* a sentence reduction, "a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284.

---

[1]"[T]he Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 802. Therefore, in this context district courts are "'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

**1.** *Consideration of Gomez's Arguments.* The district court considered all the reasons Gomez proffered, both separately and in combination, when it denied his motion. Indeed, the district court expressly concluded: [N]either [Gomez]'s 10-month sentencing disparity, nor his health conditions—either separately or in combination—constitute 'extraordinary and compelling' reasons justifying compassionate release." Thus, we find no error on this point. *Aruda*, 993 F.3d at 801.

**2.** *Sentencing Disparity*. Contrary to Gomez's assertion, the district court did not require him to demonstrate a gross or enormous disparity in his sentencing. Instead, the district court merely concluded that Gomez's 10-month sentencing differential was small and not "grossly disproportionate" to the offense, therefore not rising to the level of an extraordinary and compelling circumstance. The district court did not abuse its discretion in reaching this conclusion. *Cf. United States v. Lii*, 528 F.Supp.3d 1153, 1164–65 (D. Haw. Mar. 23, 2021) (identifying a sentencing disparity between ten years and life in prison as a "gross disparity" and granting compassionate release).

**3.** *18 U.S.C. § 3553(a) Factors.* As noted above, we have previously held that district courts that properly deny compassionate release based on one of the required statutory elements need not consider the other elements. *Keller*, 2 F.4th at 1284 ("although a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release

need not evaluate each step."). Here, the district court properly concluded that there were no extraordinary and compelling reasons that justified granting Gomez compassionate release and, therefore, had no obligation to consider the 18 U.S.C. § 3553(a) sentencing factors.

**AFFIRMED.**